FILED
BILLINGS DIV.

2007 OCT 17 PM 4 52

PATRICK E. DUFFY, CLERK
BY _____
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| MARCIA SPAHR,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY and SOCIAL SECURITY Plnt, FBI Plnt,<br><br>        Defendants. | CV 07-116-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JDUGE DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Marcia Spahr ("Spahr") has filed a Motion to Proceed In Forma Pauperis (Court's Doc. No. 1). On September 17, 2007, the Court issued an Order (Court's Doc. No. 2): (1) informing Spahr that her motion lacks adequate information to allow the Court to rule; (2) directing her to complete questions 5-8 and their subparts on the form; and (3) advising her that her signature on her application needed to be notarized.

The Court gave Spahr until October 12, 2007, to complete the

-1-

form motion properly and to return it to the Court. The Court also warned Spahr

> **THAT HER FAILURE TO SUBMIT A PROPERLY COMPLETED MOTION TO PROCEED IN FORMA PAUPERIS BY THE DATE INDICATED MAY RESULT IN THIS COURT'S RECOMMENDATION THAT HER MOTION BE DENIED.**

To date, Spahr has failed to respond to the Court's Order.

To qualify for *in forma pauperis* status, a civil litigant must demonstrate that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Bulled v. Pallavicini*, 19 F.3d 1439 (9th Cir. 1994). In light of the financial information contained in Spahr's affidavit, the Court cannot find that she is entitled to proceed *in forma pauperis*. See *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2nd Cir. 1988); *United States v. Valdes*, 300 F.Supp.2d 82 (D.D.C. 2004); *Failor v. Califano*, 79 F.R.D. 12, 13 (M.D.Pa. 1978).

The denial of a motion to proceed *in forma pauperis* is a final judgment, and a magistrate judge may not enter this final judgment absent consent of the parties. See <u>Tripati v. Rison</u>, 847 F.2d 548 (9th Cir. 1988)(citing 298 U.S.C. § 636(c)). Accordingly, the Court will recommend dismissal as set forth below.

The Court also will recommend dismissal of this action for an additional reason. In failing to return a properly completed form motion, Spahr has failed to comply with an Order of the Court, thus subjecting her action to dismissal under Rule 41(b), Fed. R. Civ. P.[1] Rule 41(b) authorizes the Court to dismiss an action "[f]or failure of the plaintiff ... to comply with ... any order of court." The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

**1. Expeditious Resolution**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, Spahr failed

---

[1] References to rules herein are to the Federal Rules of Civil Procedure unless indicated otherwise.

to respond to the Court's Order and has given no reason for the failure. This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders.

Spahr's failure to respond indicates to the Court that she may have abandoned her claim. This factor weighs in favor of dismissal with prejudice.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

It does not appear that Defendants would be prejudiced if the Court dismissed the action without prejudice and they were re-served with a new complaint. The prejudice factor weighs against dismissal.

### 4. Alternatives

Because Spahr has shown an unwillingness to prosecute her case and abide by an Order of the Court, there do not appear to be alternatives to dismissal. The Court understands its obligations to *pro se* litigants and endeavored to fulfill them in this case. Spahr was given a date certain by which she was to return her properly completed motion to proceed in forma pauperis. Her failure to do so or to seek additional time to do so indicates to the Court that she is unable or unwilling to proceed with her claim. Dismissal of the action without prejudice is appropriate.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal.

### 6. Summary

While the policy in favor of disposition on the merits and the lack of prejudice to Defendants weigh against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, and the lack of meaningful alternatives weigh in favor of dismissal. The Court will recommend that Spahr's action be dismissed without prejudice under Rule 41(b).

For all of the foregoing reasons,

**IT IS RECOMMENDED** that Spahr's Motion to Proceed In Forma Pauperis (Court's Doc. No. 1) be DENIED and that this action be DISMISSED WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(3), Spahr may <u>not</u> file objections to these findings with the district court. <u>See</u> <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1114 (9th Cir. 1998).

DATED this 18th day of October, 2007.

_____
Carolyn S. Ostby
United States Magistrate Judge